## HOLLINGSHEAD _v._ GUNDERMAN.

1. MOTOR VEHICLES—NEGLIGENCE.
   Automobile driver, with knowledge that narrow gravel road on which he was driving in fog was being used by gravel trucks, had duty to be watchful, to drive slowly, and to keep his car under constant control.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   In action by automobile driver for injuries received in collision with truck, negligence of truck driver and contributory negligence of plaintiff, _held_, questions for jury, under evidence.

3. SAME—RIGHT TO USE ROAD.
   Defendant's claim that plaintiff was negligent because he was driving in fog on narrow road in one of the ruts used by gravel trucks, _held_, without merit, where he was on right-hand side of road.

4. SAME—REFERENCE TO INSURANCE IMPROPER.
   In action based on automobile collision, reference to insurance is improper, and, where intentional, amounts to reversible error.

5. APPEAL AND ERROR—IMPROPER ARGUMENT—ASSUMPTION.

    Supreme Court may assume that jury heeded admonition to disregard counsel's improper argument, where it is not reflected in verdict.

6. SAME—MOTOR VEHICLES—TRIAL—IMPROPER ARGUMENT—HARMLESS ERROR.

    Inadvertent reference to insurance, in action involving automobile collision, while improper, *held*, harmless, where court promptly instructed jury to disregard it, and verdict is not excessive.

Appeal from St. Clair; Robertson (William), J. Submitted October 21, 1931. (Docket No. 156, Calendar No. 36,018.)   Decided December 8, 1931.

Case by Charles Hollingshead against Charles Gunderman and another to recover damages resulting from an automobile collision on a highway. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*Cady & Pepper,* for defendants.

McDONALD, J. This action was brought to recover damages for injuries received in a collision between the plaintiff's automobile and a truck owned by defendant Gunderman. At the time of the accident, the plaintiff was driving his automobile, and defendant Eaton was driving the truck. They were traveling in opposite directions on a county highway which had recently been covered with loose gravel. On each side of the middle was a rut or track made by trucks passing over with gravel to a point farther north. Plaintiff was driving with his left wheels in one of these ruts close to his side of the road. The

defendant was driving in the middle of the road using both ruts. The time was shortly before seven o'clock in the morning. There was a fog which to a considerable extent interfered with visibility. The plaintiff says he was driving with his lights full on at a speed of 15 miles an hour when he saw defendant's truck suddenly emerge out of the fog about 40 or 50 feet away; that he immediately applied his brakes; that the truck had no lights; that it was traveling about 30 miles an hour and did not slacken its speed until the collision. Therefore, the plaintiff charges that defendants were negligent in the following particulars: First, driving at too great a speed in view of the conditions of the weather and the roads; second, having no lights on the truck; and, third, driving on the wrong side of the road. On their part the defendants offered testimony which showed that, at the time of the accident, the lights of the truck were burning; that it was being driven carefully at a speed of 5 or 10 miles an hour and was stopped immediately when the driver saw the plaintiff's automobile emerge from the fog directly in front of him. Therefore, the defendants charge the plaintiff with contributory negligence in traveling in the same ruts the trucks were using, and in driving at such speed that he was unable to bring his car to a stop within his assured clear distance. These conflicting claims were submitted to the jury. The verdict was for the plaintiff in the sum of $6,250. At the close of the plaintiff's case, and again when the testimony was all in, the defendants moved for a directed verdict, which the court reserved and disposed of adversely to them in refusing to enter a judgment notwithstanding the verdict. From the judgment entered on the verdict, the defendants have appealed.

The first question to be considered is whether the plaintiff was guilty of contributory negligence as a matter of law.

He was driving where he had a right to drive. He lived on the road in question. It was his only means of ingress and egress. It was a gravel road not completely constructed, but no work was being done on that portion over which the plaintiff was traveling at the time of the accident. It was covered by four or five inches of loose gravel on a hard foundation and was reasonably safe for travel. However, the condition of the road and of the weather and the knowledge that he would likely meet trucks going to the north with loads of gravel made it incumbent on the plaintiff to be constantly watchful, to drive slowly, and to keep his automobile under such control that he could stop it within his assured clear distance. His testimony shows that he kept to his own side of the road; that he drove as near to the edge as he could without going into the ditch; that he was driving 15 miles an hour and could stop within a distance of 10 feet; that his assured clear distance was 40 or 50 feet; that he saw defendants' truck when it was that far away and immediately applied his brakes. In view of this testimony, the court could not say, as a matter of law, that he did not have his car under proper control. The claim that he was negligent in driving in one of the ruts used by trucks is without merit. The trucks had no monopoly of the road. The plaintiff had a right to use it with such care as the situation demanded. The court did not err in refusing to direct a verdict on the ground of contributory negligence.

Was the evidence as to defendants' negligence sufficient to warrant the submission of that question to the jury?

The defendants say that their testimony showing the truck was traveling not to exceed 5 or 10 miles an hour is uncontradicted. The plaintiff did not undertake to estimate the speed of the truck, but, if the accident happened as he says it did, it could fairly be inferred that the speed was much greater than the defendants claim. In determining the speed, it was proper for the jury to consider the position of the two cars and the manner of the accident. In their argument on this question, the defendants overlook the plaintiff's testimony. He testified that he first saw the truck 40 or 50 feet away, and that he immediately applied his brakes and stopped in about 10 feet. Assuming his testimony to be true, the driver of the truck had at least 30 feet in which to stop after he saw or should have seen the plaintiff. From the fact that he did not do so it is a fair inference that he did not have the truck under control and was driving so fast that he could not stop within his assured clear distance or that he was inattentive to his duty in failing to see the plaintiff in time to avoid the collision. In either event he would be negligent. The evidence on the question was conflicting. The court was right in leaving it to the jury.

The defendants' contention that, in view of the existing conditions, the plaintiff assumed the risk of injury in using the road requires no discussion. It is without merit.

Finally, it is claimed that the trial court should have declared a mistrial because counsel for the plaintiff injected a reference to the insurance company.

In his closing argument to the jury, counsel said:

"He is glad to tender him the opinion of Dr. McKenzie, called in here for a 15-minute examina-

tion during this trial so as to present the case in the best light for the insurance company. * * *

"*Mr. Pepper:* What was that statement?

(The statement was read.)

"*Mr. Walsh:* I did not mean that. That was absolutely a slip. I did not mean that at all, if your honor please. I meant Mr. Gunderman.

"*The Court:* I will say to the jury at this time that there should be no such reference whatever in the case and absolutely you will disregard it.

"*Mr. Walsh:* That was absolutely a slip, your honor. I had no—

"*The Court:* I think so.

"*Mr. Walsh* (continuing):—thought of saying it at all. I will ask the jury to disregard it. I am not talking about anyone but Mr. Gunderman."

Reference to the insurance company was improper. We have frequently criticized such conduct on the part of counsel, and, in some cases, especially where the reference was intentional, we have held it to be reversible error. In the instant case it does not seem to have been so. Counsel joined the court in promptly doing everything that could be done to correct the error. We cannot assume that the jury failed in its duty to heed their admonitions. We may assume they did so because, if the improper reference to the insurance company had any prejudicial effect, it would appear in the verdict. There is no claim that it is excessive. The testimony shows the plaintiff's injuries to be severe and permanent. So, in view of the character of the injuries sustained and the reasonableness of the damages allowed, it is quite certain that the error is not reflected in the verdict. We are convinced that it was harmless. The judgment is affirmed, with costs to the plaintiff.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.